IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATALIA CEBOLLERO-BERTRAN<br><br>Plaintiff<br><br>Vs.<br><br>PUERTO RICO AQUEDUCT AND SEWER AUTHORITY<br><br>Defendant | CIVIL NO.: 3:19-cv-1412<br><br>VIOLATIONS OF CLEAN WATER ACT NEGLIGENCE; RIPARIAN RIGHTS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

NOW COMES, the Plaintiff, through its undersigned counsel and very respectfully, PRAYS, STATES AND ALLEGES:

1. Plaintiff is a citizen of the Commonwealth of Puerto Rico and resident of Villa Nevarez, a urban development located within the San Juan municipality, where she owns a home next to the Buena Vista Creek, a tributary of the Rio Piedras/Puerto Nuevo River and also part of the estuary of the San Juan Bay, a navigable body of water of the United States.

2. The United States District Court has jurisdiction over these actions under the provisions of Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter referred to as "FWPCA or CWA") § 505(a)(1), 33 U.S.C. §1365(a)(1) and pursuant to 28 U.S.C. §1331. The Court's original jurisdiction is invoked because the claims asserted are founded upon the existence of federal questions arising under laws of the United States. 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the other state claims pleaded because they are related to the federal claims and form part of the same case or controversy under Article III of the United States Constitution. Supplemental state law claims for

damages under Commonwealth state law causes of actions, including negligence, nuisance, and riparian rights.

4. The FPWCA, 33 U.S.C. § 1365, et seq., requires that a citizen give notice of their claims to any person, including the United States, and or any other governmental entity sixty (60) days before bringing suit against the alleged violator. See 33 U.S.C. §1365(a)(1), (b)(1)(A).

5. On December 31, 2018, Plaintiff Natalia Cebollero, through her attorney, Edelmiro Salas González, one of the below undersigned counsels, gave defendant Puerto Rico Aqueduct and Sewer Authority ("PRASA"), the notice required by the FPWCA (hereinafter "Notice"). See, Ex. No. 1 attached to this complaint.

6. Notice was also given to Andrew R. Wheeler, Acting Administrator U. S. Environmental Protection Agency ("EPA"), the Hon. Matthew G. Whitaker, Acting Attorney General, and Peter D. Lopez, Regional Administrator of the EPA for Region 2, among others. See, Ex. No. 1 attached to this complaint.

7. The Notice included sufficient information to permit the PRWSA to identify the activity alleged to constitute a violation, as the responsible for the alleged violation, by using specific Global Positioning Satellite ("GPS") coordinates of the alleged violation, the date or dates of such violation, and the names of the person giving notice.

8. Plaintiff's Notice sent sufficient information to permit the PRASA to identify the activity alleged to constitute a violation; GPS coordinate of the alleged violation, the date or dates of such violation, and the full name, address of the persons giving notice. See, Ex. No. 1.

9. More specifically, notice was given to the PRASA that on several dates, the three sewer manholes located on the GPS coordinates of 18° 23' 56.22" N and 66° 4' 1.81", were overflowing with sewage, onto the street and into an adjacent rainwater storm drain that collects the raw sewage and take directly into the Buena Vista Creek, a tributary of the Puerto Nuevo

River. Notice was also given that the storm drain takes the sewage into the Buena Vista Creek at the GPS location of 56.04" N, 66° 4' 3" W.

10. The Notice informed the PRASA that the sewages discharges described in the immediately preceding paragraph occurred on the following dates: May 27, 2018; September 25, 2018; October 17, 2018; October 23, 2018; November 3, 2018; November 4, 2018; and December 28, 2018. See Ex. No. 1.

11. The information provided in the NOTICE provided the information necessary to give a clear indication of the citizens' intent. The specificity, through GPS coordinates was reasonable and from should not prevail over the substance of the information.

12. The three sewage manholes located in the vicinity of on the GPS coordinates of 18° 23' 56.22" N and 66° 4' 1.81", are discernible and discrete conveyances, from which pollutants are being, continuing to be or may be discharged in the immediate future, particularly on events of rainy weather.

13. The Plaintiff's Notice also stated that there was an additional storm drainage that was dumping raw sewage into the *Quebrada* Buena Vista Creek, during and continuing through the relevant period, and that from information and belief it was coming from a PRASA sewage manholes in the nearby *Centro Médico* area. It was noticed that such sewage discharge occurs near Ms. Cebollero's home at the following GPS coordinates: 18° 23' 56.04" N, 66° 4' 3" W. It was also noticed that these coordinates originated foul smells into her back yard and that these discharges were recurring and continuing at the time of the Notice.

14. As a result of the sewage discharges described in this complaint and in the Notice, Plaintiff Natalia Cebollero has had suffered, and continues to suffer, an injury in fact, namely, an invasion of a legally-protected interest which is concrete and particularized and is actual or imminent, not conjectural nor hypothetical.

15. The injury to the plaintiff is that whenever heavy rains occurs, raw sewage coming from the point source herein mentioned, is dumped in the creek that runs through her back yard near the coordinates quoted in this letter and expose her and her children to diseases, foul odors and other health threats.

16. Furthermore, Mrs. Cebollero is an arborist and has aesthetic or recreational interest in walking or using the creek and the Rio Piedras River recreationally is sufficient to confer standing. Ms. Cebollero has used the affected area, walked in the creek and is a person for whom the aesthetic and recreational values of the area will be lessened by the challenged activity of dumping raw sewage into the creek.

17. Plaintiff's back yard, near 18° 23' 56.04" N, 66° 4' 3" W, is in direct proximity to the affected area of the Buena Vista Creek. She also lives in Villa Nevarez and would like to use the sidewalks free of raw sewage.

18. As a result, Plaintiff future life will be less enjoyable, particularly knowing that she cannot walk in or near the creek, and not even walk in her neighborhood, feeling that she is walking on the eggshells of deadly pathogens. It is to be noticed that the quality of the waters of the Buena Vista Creek should conform to the water quality standards set by the Commonwealth of Puerto Rico's Environmental Quality Board (EQB) in its Regulation for Water Quality Standards, Regulation No. 8732 of April 27th, 2016 (hereinafter referred to as "Regulation No. 8732"); before the discharges herein mentioned began to occur, the waters of the Buena Vista Creek were of acceptable quality, with no noticeable foul odors and thus, causing no concern to the Plaintiff.

19. Furthermore, Plaintiff really has been, is, and/or will suffer in his or her degree of aesthetic or recreational satisfaction if the area in question remains or becomes environmentally degraded with PRASA's continuous and recurrent spills of raw sewage and. and the conduct herein complained of.

20. Plaintiff's injury fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the Court. Defendants dumping and spillages of sewage adversely affect Plaintiff by the pollutant and that sewage causes or contributes to the kinds of injuries alleged by the plaintiffs.

21. Defendant's dumping of sewage into the streets of Villa Nevarez and the Buena Vista creek are actions causing injuries that will be. redressed by a favorable decision of this Court or 'fixed' through a remedy the law provides. Plaintiff's injuries fall within the "zone of interests" that the statute was designed to protect. Plaintiff's interests "share a 'plausible relationship' to the policies underlying" the statute.

22. Raw Sewage spilling from plaintiff's in the vicinity of Ms. Cebollero's home and into the Buena Vista Cree stemming from PRASA's sewers are a "Pollutant" as broadly defined in CWA § 502 as sewage. 33 U.S.C. § 1362(6).

23. The sewers and sanitary registers are described in this complaint are discernible, discrete conveyances from which the raw sewage pollutant is discharged into the Buena Vista Creek.

24. The PRASA does not have a permit that allows it to dump non-stormwater discharges into the storm sewers and dumping the sewage into the creek.

25. The 2015 consent decree between the PRASA and the United States Environmental Protection Agency, under which PRASA has to monitor the point source discharges and to take steps to remediate them, (hereinafter "the 2015 consent decree") does not mention the specific discharge of sewage mentioned through GPS coordinates in this complaint and in Plaintiff's 60 day letter. Simply put, the 2015 decree has not specifically addressed the concerns of this suit.

26. The 2015 consent decree, however, does makes reference to other remedies and enforcement actions against discharges of pollutants occurring on a street in the Villa Nevárez neighborhood that is 2,796 feet away from the GPS coordinates provided to the defendant. The 2015

Consent Decree between PRASA and the EPA does not speak of the alleged violations and the subject action raised in this complaint.

27. Even so, PRASA in a response to the 60 day letter offered no evidence that the EPA was diligently prosecuting any action addressing the specific violations raised in the 60 day letter and is therefore not diligently prosecuting any action against PRASA with respect to the specific discharges raised in this complaint.

28. The violations of sewage discharges are ongoing and several have occurred on several occasions again after the sixty day letter was sent to the defendant PRASA.

## OTHER CAUSES OF ACTION

### State law nuisance

29. Plaintiff reasserts all previously alleged averments of this complaint as part of this causes of action for nuisance.

30. Plaintiff's property is injuriously affected by the PRASA raw sewage spills into the Buena Vista Creek and into the streets near her home. Plaintiff seeks an abatement of said nuisance and the damages caused by said nuisance, including her lack of enjoyment of her property.

31. Defendant PRASA has a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm plaintiff's property and life. The rights of a property owner such as Plaintiff include the right to use and enjoy her property.

32. The PRASA has breached its duty to the Plaintiff to prevent sewage spills into the areas near her property and into her neighborhood.

33. The illegal sewage spills, resulting from the PRASA's breach of its duties, are the cause for the injuries to plaintiff.

### State riparian rights

34. Plaintiff reasserts all previously alleged averments of this complaint as part of this causes of action for nuisance.

35. Under Puerto Rico Law, Plaintiff has a right to use the Buena Vista Creek to enjoy nature, including walk within the creek, as well as to enjoy its view, and its ecological value, free from any nuisance and/or debris and/or discharges that may impede the water flow and/or degrade the quality of the Buena Vista Creek. Act No. 180 of October 29, 2014 12 L.P.R.A §§421 et seq.; Rule No. 1300.4 of EQB's Regulation No. 8732.

36. Plaintiff further alleges that the illegal spillage of sewage into the storm sewers leading into the Quebrada Buena Vista, have turned the storm sewers into rage sewage sewers, which prevent Plaintiff from exercising her riparian rights by turning the Creek into an illegal cesspool, impeding her passive enjoyment of the Creek and her welfare and quality of life in her property and in her home.

37. Plaintiff cannot exercise other riparian rights under the Commonwealth's Water Laws as mentioned, and other Commonwealth environmental statutes and regulations because of PRASA's sewage discharges.

## **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully requested that the Honorable Court GRANT the following relief:

A. Injunctive relief, including a restorative injunction, taking into account a comprehensive evaluation of the environmental factors involved and the practicalities of the situation, based on the factual record. Plaintiff demands that defendant be enjoined from continuing any discharges of pollutant into the creek at the locations specified in her 60 day letter.

B. Civil penalties to be assessed as a matter of law. 33 U.S.C. § 1319(d).

C. Damages, including compensatory damages, damages to the person include inconvenience, unhappiness, and annoyance caused by the Defendant's actions. Such damages are to be

determined by the enlightened conscience of the jury. Said damages include those that continue to occur during the pendency of the case and are estimated at $200,000.00

D. Reasonable attorney and expert witness fees) to plaintiff as a prevailing party or a substantially prevailing party, whenever the court determines such award is appropriate. 33 U.S.C. § 1365(d).

E. Punitive damages at an amount no less than $1,000,000.00 given defendant's willful and conscious indifference to consequences of their illegal discharges which are causing environmental pollution and degradation of the quality of the waters of the United States.

F. Any other and further legal and/or equitable relief to which Plaintiffs and the Classes might be entitled at law, both State and Federal, or which this Court deems proper.

## JURY DEMAND

Plaintiffs, hereby demand a trial by jury on all claims so able to be tried.

In San Juan, Puerto Rico, this 29th day of April, 2019.

| **s/ José Luis Ramírez de León**<br>JOSÉ L. RAMIREZ DE LEÓN, LLM<br>USDC Bar No. 206910<br>PO Box 190251<br>San Juan, PR 00919-0251<br>Tel. (787) 415-8459<br>Fax. (787) 282-6682<br>jlramirez639@msn.com<br>joselramirez@me.com | **s/Edelmiro Salas González**<br>Edelmiro A. Salas González<br>USDC 218004<br>1072 Calle 17, Urb. Villa Nevarez<br>San Juan, Puerto Rico 00927<br>Tel. (787) 376-4659<br>Fax. 1-866-583-2843<br>esalas@me.com |
|---|---|