# EDELMIRO SALAS GONZÁLEZ
Attorney At Law

Supreme Court of the United States
Supreme Court of Puerto Rico
Supreme Court of Alabama
United States Court of Appeals for the First Circuit
United States District Court for the District of Puerto Rico

December 31, 2018

VIA CERTIFIED MAIL

Eng. Elí Díaz Atienza
Executive President
Puerto Rico Aqueduct and Sewer Authority ("PRASA")
PO Box 7066
San Juan, PR 00916-7066

Andrew R. Wheeler, Acting Administrator
U.S. Environmental Protection Agency
Aerial Rios Building, Mail Code 1101A
1200 Pennsylvania Avenue, NW
Washington, D.C. 20460

RE:   **60 DAY NOTICE OF INTENT TO SUE**
      Discharging sewage effluent in violation of the Clean Water Act for the past year in
      Villa Nevarez Ward

Dear Messrs. Díaz Atienza and Wheeler:

I write on behalf Ms. Natalia Cebollero,  and on my own behalf, as residents of the Villa
Nevarez, and persons affected by the impact of discharges of raw sewage into the Puerto
Nuevo River. This letter is written and served upon you as President of the Puerto Rico
Aqueduct and Sewer Authority (hereinafter "PRASA"), and administrator of the
Environmental Protection Agency (E.P.A.)  pursuant to Section 505(b) of the Clean Water

Calle 17 #1072• Urb. Villa Nevárez • San Juan, PR 00927
Tel. (787) 376-4659 • Fax. 1 (866) 583-2843 • esalas@me.com

– 2 –

Act ("CWA" ),), 33 U.S.C. Section 1365(b).   That statute requires sixty (60) days noticebefore filing of a citizen's suit in Federal District Court under Section 505(a) of the CWA, notice of the alleged violations must be given to you as a person, as defined under 32 U.S.C. §§1362(4) and 1362(5),  PRSA as the alleged violator, as the Administrator of the Environmental Protection Agency, and the  agency administering the CWA for the state in which the alleged violations occur. A certified copy is also being sent to the Commonwealth of Puerto Rico's Attorney General, and to the Attorney General of the United States.  All other interested parties are served notice through regular mail.

PRASA is a public corporation created by legislative enactment and existing under the Laws of Puerto Rico, 22 LPRA §§ 141, et seq., as amended, to administer the aqueduct and sewer system of Puerto Rico. PRASA is a "municipality" pursuant to Section 502 of the CWA, 33 U.S.C. § 1362.


We place you on notice pursuant to 33 U.S.C. Section 1365(b) of the CWA because we believe the AAA has violated and continues to violate an effluent standard or limitation and associated reporting requirements under Section 505(a)( 1 )(A), et seq., of the CWA by failing to adhere to certain terms and conditions of its permit, thereby causing pollutants to be discharged into the Buena Vista Creek and the Puerto Nuevo River, and fraudulently reporting or failing to report same as required by law. The CWA also provides for criminal penalties for knowing violations.

Furthermore, raw sewage is a pollutant under the CWA. 32 U.S.C. §§1362(6). The PRASA operates a sanitary sewage system that has allowed raw sewage to discharge into the Buena Vista Creek, the Puerto Nuevo River and other water bodies which in turn flow directly into the San Juan bay and its estuary. Because these are waters of the Territory of Puerto Rico and the United States, such discharges are violations of state and federal law. At various times the amount of such discharges which date back to prior to 2015, have been purposely under-reported to the point that they were omitted from a Consent Decree between the EPA and the PRASA.  It is further believed that this fraudulent reporting activity has continued for many months or years with the AAA's management's knowledge and direction.

The undersigned and any association to which they are affiliated intend to file suit based upon the foregoing and the following additional violations:

| Type of discharge | Date of discharge | Approximate GPS location | Photo/video available? | Estimated duration |
|---|---|---|---|---|
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | May 27, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |

| | | | | |
|---|---|---|---|---|
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | September 25, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | October 17, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | October 23, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | November 3, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | November 4, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |
| Raw sewage from sanitary manhole flowing into rain drainage that flows into Buena Vista Creek. | December 28, 2018 | 18° 23' 56.22" N 66° 4' 1.81" W | Yes | At least one hour |

All such discharges listed in the table above occurred in at least three (3) sewage manholes located near or around the GPS coordinates in at least three sewage manholes. When it rains heavily (a common occurrence in San Juan), rainwater infiltrates the sewage system and spills onto the pavement of Street 10 at the intersection of street 23. A few feet away from the manhole is a rainwater storm drain that receives the raw sewage and takes it directly to the Buena Vista Creek, which in turn dumps it into the Rio Piedras River, a tributary of the Puerto Nuevo River that empties into the San Juan bay. The sewage enters the Buena Vista

– 4 –

Creek though a storm sewer at approximate 80 feet from the manholes described in the preceding table. The GPS location of the entrance of the storm drain into the creek is 18° 23' 56.04" N,  66° 4' 3" W.

As you might be well aware, in section 502(14) of the Clean Water Act, the term "point source" means any discernible, confined and discrete conveyance, including but not limited, to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, container, rolling stock, concentrated animal feeding operation, or vessel or other floating craft, from which pollutants are or may be discharged. This term does not include agricultural storm water discharges and return flows from irrigated agriculture. Being the above identified manholes and sanitary registers a discernible source of the discharges which are banned under Section 402(p) of the CWA, 33 U.S.C.§1342(p), such discharges are illegal and thus, actionable as per Section 505 of the CWA.

On or around September or October of 2018, we were given inconsistent explanations by Mr. Roberto Martínez, a PRASA engineer, regarding the possible causes for the discharges in the preceding table. The explanations were inconsistent and could not explain why the spillage would happen only during the presence of heavy rains. That engineer also admitted that the PRASA had no maintenance plan or maintenance activity to correct sewage spills; not in Villa Nevarez; not in all San Juan. Although the Engineer promised to take corrective measures to identify and correct the discharges, nothing has been done as of today to correct sewage spills in this location, which have been witnessed by the undersigned since 2015.

In addition to the above stated violations, there is an additional storm drainage that dumps raw sewage coming from the Centro Médico area. Such sewage discharges occurring at Centro Médico have been described to you in detail by Dr. Gustavo Martínez of the University of Puerto Rico at Mayagüez who is part of and EPA-PRASA task force to detect "critical" sewage discharges. When there are heavy rains raw sewage from the hospitals and mental hospitals overflows into the storm drainage and the sewage travels along with rainwater underneath PR-52 and into the Buena Vista Creek near Ms. Cebollero's home at the following coordinates:  18° 23' 56.04" N, 66° 4' 3" W.  Since we have been told by Dr. Martinez that the plans of the sanitary sewage system at Villa Nevarez have been lost, there is no way of locating the exact origin of the continuous discharges coming from the medical center through the rainwater storm drain. However, Dr. Martínez expert working with an EPA-PRASA task force has identified the spillage on the opposite end of the freeway. Ms. Cebollero and the undersigned have identified the storm drain at the point in which the sewage discharge enters the Buena Vista Creek at the referenced GPS Coordinates. Ms. Cebollero knows of the spillage from the foul smell coming from her back yard near the drain. As with the discharges listed in the table, the discharges originating at Centro Médico are recurring and continue.

Furthermore, the Consent Decree in case U.S.A v. Puerto Aqueduct and Sewer Authority, before the United States District Court for the District of Puerto Rico, only mentioned sewage discharges in the Villa Nevarez Ward occurring  in streets 4, 9-17.  No mention was made in the Consent Decree of 2015 of the known discharges listed in the above table near

in Street No. 10 or about the discharges entering the creek from the Centro Médico area. Such discharges are not covered by the decree, in spited of being present at the time of such court prosecution, all of which was known or should have been known by the AAA and the EPA, since they were occurring at the time.

The violations discussed in this letter are ongoing and continuing violations that were not part of the preexisting prosecution under the 2015 decree.    The violations have been recurring and are expected to recur every time a significant rainstorm occurs in the Buena Vista Creek watershed.

Puerto Rico Aqueduct and Sewer Authority (PRASA) violated the Clean Water Act (CWA), 33 U.S.C. § 1251, et seq., and regulations promulgated thereunder, and PRASA's National Pollutant Discharge Elimination System (NPDES) Permits issued pursuant thereto, and/or EPA administrative orders issued pursuant to Section 309 of the CWA, 33 U.S.C. § 1319, with regard  the sewers and appurtenances in the Puerto Nuevo Regional WWTP Sewer System.

PRASA owns and operates the WTPs, WWTPs, Pump Stations and the Sewer Systems (including the Puerto Nuevo Regional WWTP Sewer System).  During the relevant time period, PRASA has discharged pollutants without a NPDES Permit authorizing such discharge in violation of Section 301(a) of the CWA, 33 U.S.C. §1311(a); discharged pollutants in excess of the effluent limitations contained in PRASA's NPDES Permits for its WTPs and WWTPs in violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a); failed to meet operation and maintenance provisions of the applicable NPDES Permits for its WTPs, WWTPs, including the sewage system in question.  PRASA has also failed to report the Villa Nevarez discharges as required by the applicable NPDES Permits. EPA further alleges that it may seek relief against PRASA under Sections of the CWA, 33 U.S.C. §§1311, 1352, and 1342, among other sections, including but not limited to Section 402(p) of the CWA, 33 U.S.C.§1342(p), and Section 505 of the CWA.

The PRASA, in addition to charging residential and commercial clients a rate for the disposal and treatment of sewage, charges and additional flat fee of $2.00 per month to comply with its obligations under the CWA, and has no valid reasons for failing to remedy the sewage discharges in the Villa Nevarez Ward.    Financial mismanagement is no defense to compliance with federal water conservation laws, notwithstanding the lackadaisical supervision from the EPA.

Monetary penalties are appropriate under the CWA in this situation. See, 33 U.S.C. § 1319(d).  However we, or any other affiliated organization to which we may belong, are more concerned that measures are put into place to ensure that future discharges cease and/or are accurately reported. If needed, however, we intend to seek all available remedies to that end since it is apparent that you are not able to comply with the applicable laws and will ask that such penalties be paid to supplemental environmental. We are also concerned that the governmental oversight and enforcement concerning your operations has been deficient thereby necessitating that we act for the citizens adversely affected by your operations.

– 6 –

Our investigation indicates that PRASA remains out or compliance at the time of this writing. We believe this 60-DAY NOTICE OF INTENT TO SUE sufficiently states the grounds for the Complaint. If, however, you have any questions or wish to discuss the matter, please contact me at the number and/or address listed above.

We are also copying this letter to the Hon. Jennifer González Colón, the Resident Commissioner of the Territory before Congress, since she was born and raised in Villa Nevarez and she ought to be aware that her former neighborhood is in route of becoming a regulatory cesspool.

Very truly yours,

Edelmiro A. Salas González

C

Hon. Matthew G. Whitaker
Acting Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Hon. Wanda Vazquez Garced
Secretary of Justice
Commonwealth of Puerto Rico
PO BOX 9020192 San Juan,
Puerto Rico 00902-0192

Peter D. Lopez
Regional Administrator
Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866

Hon. Jennifer González Colón
P.O. Box 9023958
San Juan, PR 00902-3958

Adittion copies to interested parties