IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATALIA CEBOLLERO BERTRAN
Plaintiff

vs

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY
Defendant

CIVIL 19-1412CCC

**OPINION AND ORDER**

Before the Court is defendant Puerto Rico Aqueduct and Sewer Authority's (PRASA) Motion to Dismiss (**d.e. 10**) filed June 20, 2019 and plaintiff's Opposition (d.e. 12) filed July 15, 2019. For the reasons stated below, the Motion to Dismiss (**d.e. 10**) is GRANTED.

**BACKGROUND**

On December 31, 2018, plaintiff Natalia Cebollero-Bertran submitted a 60-Day Notice of Intent to Sue (d.e. 1-1) to PRASA and the Environmental Protection Agency (EPA). On April 29, 2019, plaintiff filed a Complaint (d.e. 1) against defendant ("PRASA") alleging that it has violated the Clean Water Act, 33 U.S.C. § 1251, et seq., by discharging pollutants in excess of permitted levels; discharging pollutants without a permit; failing to maintain and operate the sewage system; and failing to report these violations. Plaintiff specifically alleges that several sewage manholes, known as "Tenth Street Sewers," are overflowing during heavy rain, allowing sewage to enter storm drains and eventually flow into Buena Vista Creek; and that raw sewage entering the

storm drain system at another location, "Centro Medico," is eventually discharged near her home.

Before the Court is defendant PRASA's a Motion to Dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted (**d.e. 10**), filed June 20, 2019.

## STANDARD OF REVIEW

FRCP 12(b)(1) "provides the vehicle by which a party may challenge the court's subject matter jurisdiction." UBS Financial Services Inc. v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 223 F.Supp. 3d 134, 136-37 (D.P.R. 2016). When reviewing motions to dismiss under Rule 12(b)(1), courts follow a similar standard to other motions under Rule 12(b) and "credit the non-movant's well-pled factual allegations and draw all reasonable inferences in the non-movant's favor." Id. "If it appears at any time that the Court lacks the statutory or constitutional power to adjudicate the case, the suit must be dismissed." Id.; Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

> To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Court must accept all non-conclusory factual allegations in the Complaint as true, and draw any reasonable

CIVIL 19-1412CCC                    3

inferences in favor of the plaintiff. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## DISCUSSION

Defendant argues that the plaintiff's claim is barred by 33 U.S.C. § 1365(b), which governs civil citizen suits under the Clean Water Act:

> (b) **Notice** No action may be commenced —
>
> (1) under subsection (a) (1) of this section —
>
> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the [EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
>
> (B) if the [EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

**I.   Sixty-Day Notice**

Defendant first alleges that plaintiff's Complaint as to Centro Medico is jurisdictionally barred due to deficiencies in the sixty-day notice required by 33 U.S.C. § 1365(b)(1)(A). The requirements of notice are prescribed by EPA regulation 40 C.F.R. Part 135.3(a):

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

The First Circuit Court has not ruled on whether the notice requirement is a jurisdictional matter falling under FRCP 12(b)(1) or a claim processing matter falling under FRCP 12(b)(6).  However, as the Court finds that plaintiff's notice clearly meets the requirements of 33 U.S.C. § 1365(b)(1)(A) under both standards of review, it need not reach the question of whether deficient notice is a jurisdictional bar to suit.

Plaintiff's 60-Day Notice of Intent to Sue (d.e. 1-1) identifies the location of the storm drain where raw sewage allegedly enters the creek by her home during periods of heavy rain.  She also alleges that source of the sewage is within the Centro Medico complex.  However, plaintiff's notice does not identify – because plaintiff has been unable to determine – the exact origin of the sewage, which would constitute the location of the violation itself. Defendant argues that because plaintiff states only the location of the overflow, not the source of the raw sewage, the notice is insufficient.  The Court disagrees.  Unlike plaintiff, defendant has possession of the maps, plans, and investigative tools to trace the source of the raw sewage; by providing the location of the overflow, plaintiff's letter provides sufficient information regarding the location of the violation.  Therefore, the Court finds that plaintiff's 60-Day Notice of Intent to Sue meets the notice requirement set forth at 33 U.S.C. § 1365 (b)(1)(A) and 40 C.F.R. Part 135.3(a).

## II.     **Diligent Prosecution**

Defendant's second argument is that the Complaint is jurisdictionally barred by 33 U.S.C. § 1365(b)(1)(B) because the EPA has commenced and is

diligently prosecuting defendant for the same claims brought by plaintiff. Specifically, defendant points to 15-CV-2283(JAG) and the Consent Decree entered thereto.

As a preliminary matter, the Court must determine whether to consider the diligent prosecution bar as a jurisdictional matter falling under FRCP 12(b)(1) or as a claim processing matter falling under FRCP 12(b)(6). The First Circuit has not ruled on this issue. The Fourth Circuit and Seventh Circuit have held, without discussion, that the diligent prosecution bar is jurisdictional. <u>Chesapeake Bay Found. v. Am. Recovery Co.</u>, 769 F.2d 207 (4th Cir. 1985); <u>Friends of Milwaukee's Rivers v. Milwaukee Metro. Sewerage Dist.</u>, 556 F.3d 603 (7th Cir. 2009). The Fifth Circuit has ruled that the diligent prosecution bar is not a jurisdictional limitation, but rather a claim processing rule. <u>Louisiana Envtl. Action Network v. City of Baton Rouge</u>, 677 F.3d 737 (5th Cir. 2012). The only relevant published decision in Puerto Rico is <u>Ortiz Osorio v. Municipality of Loiza</u>, 39 F.Supp. 3d 159, 161 (D.P.R. 2014), which follows the Fifth Circuit in finding the bar non-jurisdictional. The Court agrees, and adopts the Fifth Circuit's well-reasoned analysis:

> A provision is jurisdictional "[i]f the Legislature *clearly states* that a threshold limitation on a statute's scope shall count as jurisdictional." [<u>Arbaugh</u>, 546 U.S. at 515-16] (emphasis added). However, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." <u>Id.</u> at 516 . . . "[C]ontext, including [the Supreme] Court's interpretation of similar provisions in many years past, is relevant to whether a statute ranks a requirement as jurisdictional." [<u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 168 (2010).] The Court stated that "the jurisdictional analysis must focus on the 'legal character' of the requirement, which [is] discerned by looking to the condition's text, context, and relevant historical treatment." <u>Id.</u> at [166] (citations omitted). Ultimately, the

CIVIL 19-1412CCC                     6

>question is whether Congress mandated that the particular provision be "jurisdictional."

Louisiana Envtl. Action Network, 677 F.3d. at 747-749.

The language of § 1365(b)(1)(B) does not clearly state that the diligent prosecution bar is jurisdictional. In fact, it does not refer to jurisdiction at all. "Although it is true that § 1365(b)(1)(B) is phrased in mandatory language, the Supreme Court has 'rejected the notion that "all mandatory prescriptions, however emphatic, are . . . properly typed jurisdictional."'" Id. at 748 (quoting Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 438 (2011)).

In addition, the diligent prosecution bar is placed within the "Notice" section of the statute, alongside a "typical claim-processing rule" that the citizen provide notice to certain parties sixty days prior to filing suit. Id. at 748. This placement suggests that Congress did not intend for the diligent prosecution bar to be jurisdictional.

Finally, "[n]o Supreme Court cases have determined that the "diligent prosecution" provision of the CWA, or any similar provision in other environmental statutes, is jurisdictional . . . ." Id. at 749.

Accordingly, the Court "conclude[s] that Congress has not provided a clear statement that the 'diligent prosecution' bar is jurisdictional. Absent such a clear statement from Congress, we hold that the 'diligent prosecution' bar is a nonjurisdictional limitation on citizen suits." Id. Therefore, the Court proceeds analyze defendant's motion pursuant to the FRCP 12(b)(6) standard of review.

Plaintiff argues that the EPA has not "commenced" a relevant action because the Tenth Street Sewer and Centro Medico locations are not

specifically identified in the EPA's Complaint (15-CV-2283(JAG), d.e. 1). The EPA sets forth six causes of action against PRASA: (1) discharge of pollutants in excess of permitted levels; (2) failure to operate and maintain waste water treatment plants and the associated collection systems; (3) unauthorized discharge of wastewater; (4) failure to report known sewage overflows; (5) unauthorized discharge at pump stations; and (6) imminent and substantial endangerment to the public due to discharge of untreated sewage. Under each cause of action, the EPA provided representative examples of past violations of the Clean Water Act, but also sought to enjoin PRASA from future violations throughout their system. All of plaintiff's claims are encompassed by these six causes of action, and violations at Tenth Street Sewers and Centro Medico, as part of the PRASA system, are included; accordingly, the EPA has "commenced" an action as required by 33 U.S.C. § 1365(b)(1)(B).

Plaintiff also argues that the EPA was not "diligently prosecuting" the action when the instant case was initiated, which is an issue of fact. The Fourth and Tenth Circuits have held that citizen plaintiffs have the burden to prove that prosecution has not been diligent. See Karr v. Hefner, 475 F.3d 1192, 1198 (10th Cir. 2007) ("[O]ur evaluation of the EPA's diligence is quite deferential. Citizen-plaintiffs must meet a high standard to demonstrate that it has failed to prosecute a violation diligently"); The Piney Run Pres. Ass'n v. The Cty. Comm'rs Of Carroll Cty., MD, 523 F.3d 453, 459 (4th Cir. 2008). While the First Circuit has not explicitly ruled on this issue, it has held that the agency is entitled to substantial deference in its prosecution: "[C]itizen suits are proper only 'if the Federal, State, and local agencies fail to

exercise their enforcement responsibility.'" N & S Rivers Watershed Ass'n v. Scituate, 949 F.2d 552, 557 (1st Cir. 1991) (quoting Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 60 (1987)). "Where an agency has specifically addressed the concerns of an analogous citizen's suit, deference to the agency's plan of attack should be particularly favored." Scituate, 949 F.2d at 557.

The "plan of attack" in this case is a Consent Decree between the EPA and PRASA, approved by the Court on May 23, 2016 (15-CV-2283(JAG), d.e. 10). The Consent Decree requires defendant to address issues within the PRASA system systematically over a period of time, and is structured to prevent future violations of the CWA, including sewage overflows. The Consent Decree also provides for the ongoing addition of "Areas of Concern" for locations that require "programmed and specific actions or the development of a project" to prevent CWA violations. (15-CV-2283(JAG), d.e. 10, p. 36).

Plaintiff alleges that the EPA was not diligently prosecuting its action against PRASA because (a) the Consent Decree does not specify any actions as to the two locations raised in the Complaint; (b) Tenth Street Sewers was not added as a specific "Area of Concern" under the Consent Decree until after the Complaint was filed; and (c) the sewage overflows identified by plaintiff are ongoing.

As to (a) and (b), the Court has already held, *supra*, that Tenth Street Sewers and Centro Medico fall under the Consent Decree's mandate that PRASA prevent sewage overflows throughout its system. The fact that Tenth Street Sewers has been added as an Area of Concern post-Complaint is

merely further evidence that this location falls under the ambit of the Consent Decree.

Accordingly, the only fact plaintiff alleges to support a lack of diligent prosecution is that CWA violations are ongoing at Centro Medico and Tenth Street Sewers. Ongoing violation alone does not demonstrate lack of diligence. Scituate, 949 F.2d at 558 ("violations may continue despite everything reasonably possible being done . . . to correct them . . . . Merely because the State may not be taking the precise action Appellant wants it to or moving with the alacrity Appellant desires does not entitle Appellant to injunctive relief"). While plaintiff may be dissatisfied because the improvements required by the Consent Decree have not yet reached the sewer system near her home, she does not plead sufficient facts to permit the Court to plausibly find that the EPA's prosecution has not been diligent.

Defendant, on the other hand, alleges that pursuant to the Consent Decree it has engaged in a number of activities, including implementation of a "Sewer System Operation and Maintenance Program," under which it performs "inspections, observations, cleaning, repairs, and investigations" of the sewer system; a Fats, Oil, and Grease Control Program to prevent blockages, obstructions, and overflows; and camera inspections of sewer lines, including at or near Tenth Street Sewers. Many other steps are required by the Consent Decree, and defendant may be penalized for failure to comply. See e.g. Scitutate, 949 F.2d at 557 (diligent prosecution found where town had taken corrective action including the "(1) the submission of monthly, weekly and daily test results from groundwater monitoring wells, effluent tanks and

discharges to the tidal ditch; (2) the expenditure of close to one million dollars to plan the new treatment facility; and (3) enforcement of a sewer hookup moratorium", and the Consent Decree provided for further penalties for noncompliance); SURRCO v. PRASA, 157 F.Supp. 2d 160 (2001) (diligent prosecution found where defendants expended money to improve pumping stations, reported repairs to EPA, and further penalties were possible for noncompliance with Court order).

Taking plaintiff's factual allegations as true and drawing all reasonable inferences in her favor, the Complaint does not contain sufficient factual matter to permit the Court to plausibly find that the EPA has not commenced or is not diligently prosecuting an action as to the violations identified by plaintiff. Accordingly, plaintiff's action is barred pursuant to 33 U.S.C. § 1365(b)(1)(B), and defendant's Motion to Dismiss (**d.e. 10**) pursuant to FRCP 12(b)(6) is GRANTED. Judgment shall be entered by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on December 12, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge